DANIEL B. HADLEY v. ELIZA BROWN.

*Appeal from Wyandotte County.*

A married woman in bringing a suit on a note in her own name, can only bring it upon the ground that the note is her sole property.

Where this fact is set up in her petition and denied in the defendants answer, it is error for the Court below to refuse to permit defendant to prove that the note belonged to the husband of the plaintiff.

The note sued on was drawn payable to Eliza Brown or order. The defendant below offered to prove that the note was actually the property of Isaac W. Brown, husband of the said Eliza, and that the defendant below had paid the money due on the note as a garnishee in an action against said Isaac W. Brown. The evidence was rejected by the Court below, and defendant below duly excepted and brought the case up on a bill of exceptions.

Several specific questions of the admissibility of evidence were shown by the bill of exceptions, but the Court

decided the case on the general principle enunciated in the opinion.

The case was submitted on brief for the plaintiff in error, and argued by *Rush Elmore*, for defendant in error.

*Bartlett, Cooper and Hadley*, for plaintiff in error, submitted :

1st.  The plaintiff in error (defendant below,) ought to have been permitted to show that the note was the property of Isaac W. Brown, and that he (defendant below,) was compelled to pay it as garnishee, while the note was the property of Isaac.

The simple fact that the note was drawn to " Eliza Brown or order," does not make it her property.  Defendant claimed the right to show that this was done to defraud creditors.  17 *Mass. R.*, 552-558.

2d.  There is no provision in our statute for a claimant of funds in the hands of the garnishee being made a party to the suit, to conclude his rights.

3d.  The question whether the fund in the garnishee's hands is defendant's or not, may be determined.  *Comp. L.*, 623, *Sec.* 42.

If the garnishee discloses fairly, the payee of the note, though not a party to the suit, will be bound.  *Seward* v. *Heflin*, 20 *Vt. R.*, 144; *Spafford* v. *Page*, 15 *id.* 490.

4th.  Gilliford, plaintiff in the suit against Isaac W. Brown, in which case defendant below was garnisheed, had a right to show that the note was given for Isaac W. Brown's property and made payable to his wife as a cover to prevent a garnishee process.  *Camp* v. *Scott and Clark, Trustee*, 14 *Vt. R.*, 387; *Marsh* v. *Davis*, 24 *Vt. R.*, 363.

5th.  Plaintiff in error might prove any defense in this case that Gilliford could in a suit against Brown to charge the plaintiff in error as garnishee of Brown on account of this note.  *Comp. L.*, 624, *Sec.* 42.

53

6th.   The evidence was admissable under the pleadings to disprove ownership in the subject-matter of the suit.

7th.   A fraudulent transaction may always be impeached by creditors.

No copy of brief for defendants in error could be procured by the reporter.

*By the Court,* Kingman, J.

The defendant in error brought suit on a note given to her, alleging that she was a married woman, and that the note was her sole, individual, and separate property.   The defendant sets up in his answer as a defense, that the note is the property of Isaac Brown, the husband, and not of the plaintiff, and that he has paid the note on a judgment against him as garnishee in favor of a creditor of Isaac W. Brown.

The defendant in error could only have brought her suit as a married woman in her own name upon the grounds that the note was her sole property.   This fact she averred in her petition, and the defendant denied in his answer, and offered to prove that the note was not the property of the plaintiff.   This the Court refused to permit him to do. This was error.   If the plaintiff in error had established the fact that the defendant in error was not the owner of the note she sued on, that was an end to the controversy, so far as that suit was concerned.

We do not deem it necessary to examine the other questions as to testimony offered and rejected, as they may not arise again in the case.

For the error above stated the judgment is reversed and the cause remanded for further proceedings.